[Cite as *In re J.H.*, 2011-Ohio-1077.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              |                                      |
| ---------------------------- | ------------------------------------ |
| IN THE MATTER OF:            | JUDGES:                              |
|                              | Hon. William B. Hoffman, P. J.       |
|                              | Hon. Sheila G. Farmer, J.            |
| J.H.                         | Hon. John W. Wise, J.                |
|                              |                                      |
| J.H.                         | Case No. 10 CA 43                    |
|                              |                                      |
|                              |                                      |
| Dependent/Neglected Children | O P I N I O N                        |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Juvenile Division, Case No.  09 JC
                               426


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        March 9, 2011


APPEARANCES:

For Appellant Terry Huey              For Appellee Children Services Board

MICHAEL GROH                          AMBER D. WOOTTON
919 Wheeling Avenue                   ASSISTANT PROSECUTOR
Cambridge, Ohio  43725                139 West 8th Street, P. O. Box 640
                                      Cambridge, Ohio  43725

*Wise, J.*

{¶1}   Appellant-father Terry Huey appeals from the decision of the Guernsey County Court of Common Pleas, Juvenile Division, granting permanent custody of his sons, J.H. and J.H., to Appellee Guernsey County Children Services Board ("GCCSB"). The relevant facts leading to this appeal are as follows.

{¶2}   In February 2009, Monica Anthrop gave birth to J.H. and J.H., twin boys. On May 26, 2009, Monica voluntarily relinquished physical custody of both sons to GCCSB, via a 30-day "Voluntary Agreement for Care." The agreement was extended for thirty more days on June 24, 2009.

{¶3}   On July 23, 2009, upon the request of GCCSB, the trial court granted temporary custody of J.H. and J.H. to the agency. The matter proceeded to an adjudicatory hearing on September 30, 2009, at which time the trial court found both boys to be neglected and dependent. At about this time, paternity testing confirmed that appellant was the father of the twin boys.

{¶4}   On October 10, 2009, the trial court conducted a dispositional hearing and maintained temporary custody with the agency

{¶5}   On March 25, 2010, GCCSB filed a motion for permanent custody.

{¶6}   While the aforesaid court events were transpiring, appellant was in prison in Ohio for convictions of receiving stolen property and failing to comply with the order of a police officer. His period of incarceration ran from July 31, 2008 to July 17, 2010.[1] There was also a new misdemeanor theft charge and two charges of operating a motor vehicle without a license pending against appellant after his July 2010 release.

---

[1]   As we will subsequently discuss, appellant had also been incarcerated for burglary and grand larceny in the State of New York from January 1999 until November 2007.

**{¶7}** GCCSB's motion for permanent custody was heard on July 1, August 25, and October 10, 2010. Via judgment entry filed October 12, 2010, the trial court granted permanent custody to GCCSB.[2]

**{¶8}** On November 8, 2010, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

**{¶9}** "I. THE TRIAL COURT ERRED IN FINDING THAT THE CHILDREN COULD NOT BE PLACED WITH THE FATHER IN A REASONABLE AMOUNT OF TIME UNDER R.C. §2151.414(B)(2).

**{¶10}** "II. THE TRIAL COURT ERRED IN FINDING THAT PERMANENT CUSTODY WAS IN THE BEST INTERESTS OF THE CHILDREN UNDER O.R.C. §2151.414(D).

**{¶11}** "III. THE TRIAL COURT ERRED IN FINDING THAT 2 FACTORS OF O.R.C. §2151.414(E) APPLY TO THIS CASE."

I.

**{¶12}** In his First Assignment of Error, appellant challenges the trial court's conclusion that J.H. and J.H. could not be placed with him within a reasonable time or should not be placed with him.

**{¶13}** In the case sub judice, the trial court relied on R.C. 2151.414(B)(2), which states as follows:

**{¶14}** "With respect to a motion made pursuant to division (D)(2) of section 2151.413 of the Revised Code, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the

---

[2]   Ms. Anthrop has not appealed the permanent custody decision to this Court.

child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest."[3]

{¶15} The crux of appellant's argument is that the trial court failed to set forth the existence of any factors under division (E) of R.C. 2151.414 as envisioned by the aforesaid statutory language. However, the judgment entry of October 12, 2010 includes the following conclusions rendered in implicit reference to R.C. 2151.414(E)(12) and (13):

{¶16} "1. The father was incarcerated at the time of filing for permanent custody and will not be able to care for the child for at least 18 months after the filing of the motion for permanent custody.

{¶17} "2. The parents, both the father and the mother, are repeatedly incarcerated and that incarceration prevents the parent from providing for the child." Judgment Entry at 4.

{¶18} Although the trial court mistakenly indicated that the aforesaid factors were found in R.C. 2151.414(E)(7) through (11), we find the trial court did not commit reversible error, as urged by appellant, in determining that J.H. and J.H. could not be placed with appellant within a reasonable time under R.C. 2151.414(B)(2).

{¶19} Appellant's First Assignment of Error is overruled.

---

[3] Appellant has not herein specifically challenged the trial court's utilization of R.C. 2151.414(B)(2), which has a narrower application than R.C. 2151.414(B)(1)(a). See *In re A.U.,* Montgomery App. No. 22264, 2008-Ohio-186, ¶ 17. We decline to examine this issue sua sponte.

III.

{¶20} In his Third Assignment of Error, which we will address out of sequence, appellant contends the trial court erred in its application of R.C. 2151.414(E) in determining that the twins could not be placed with him within a reasonable time or should not be placed with him. We disagree.

{¶21} R.C. 2151.414(E) states, in pertinent part:

{¶22} " *** If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

{¶23} " ***

{¶24} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

{¶25} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.

{¶26} " *** "

{¶27} In assessing the applicability of R.C. 2151.414(E)(12), a trial court should examine the prison sentence of the parent(s) at issue and consider whether it is likely that one or both of the parents will not be available to provide care for the child for at least eighteen months. See *In re Morris*, Defiance App.No. 4-06-05, 2006-Ohio-3231, ¶

25. In the case sub judice, appellant was incarcerated on March 25, 2010, when the agency filed its permanent custody motion; however, GCCSB concedes there was no demonstration that appellant's incarceration would have extended eighteen months after said filing, as anticipated by R.C. 2151.414(E)(12). See Appellee's Brief at 7. Furthermore, we note appellant was released from his 2008-2010 incarceration prior to the completion of the tri-part permanent custody trial.

{¶28} Nonetheless, we are persuaded that the trial court's decision is still supported by its R.C. 2151.414(E)(13) finding. Certainly, at least one Ohio appellate court has indicated that parental incarceration, standing alone, is not a basis for granting permanent custody. See *In the Matter of Ratcliff* (September 2, 1981), Gallia App.No. 80 CA 5, 1981 WL 6008.[4] However, in the case sub judice, appellant had been incarcerated for more than eight years in New York (on three counts) and two years in Ohio (on two counts), and was facing an additional theft-related charge at the time of the permanent custody proceedings. Moreover, although appellant completed an in-house parenting program while in prison in Ohio, he made only one attempt during his incarceration to contact GCCSB concerning his sons from the time paternity was established in August/September 2009. Tr., August 25, 2010, at 15. These facts provided sufficient grounds for the trial court to conclude, pursuant to the statutory framework, that appellant was establishing a pattern of criminal activity and incarceration in his life that would prevent the provision of proper care for the twins. Appellant's Third Assignment of Error is therefore overruled.

---

[4]   We must note *Ratcliff* does not mention R.C. 2151.414, which at the time of the decision had been in existence less than one year.

II.

{¶29} In his Second Assignment of Error, appellant contends the trial court erred in determining that permanent custody of J.H. and J.H. was in their best interests. We disagree.

{¶30} In determining the best interest of a child for purposes of a permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:

{¶31} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

{¶32} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶33} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

{¶34} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶35} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶36} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is

relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App.No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., *In re Brown*, Summit App.No. 21004, 2002-Ohio-3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Furthermore, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

{¶37} In the case sub judice, although some of their recommendations changed as the case progressed, the guardian ad litem, the CASA advisor, and the GCCSB caseworker all ultimately recommended the granting of permanent custody to GCCSB. The CASA advisor also recounted that she had encountered repeated problems with making direct or telephone contact with appellant. The GCCSB caseworker testified that appellant has a girlfriend with whom he has had another child; however, the agency has had previous involvement with the girlfriend. At the time of the August 25, 2010 hearing, the caseworker also noted that appellant had no income and was "living off of the generosity of relatives." Tr. at 30. According to the foster mother for J.H. and J.H., the

boys were faring well in her home, although the foster family has had to work with the boys' motor skills development issues.

**{¶38}** Upon review of the record and the findings of fact and conclusions of law therein, we are not inclined to overturn the decision of the trier of fact, and we conclude the grant of permanent custody of J.H. and J.H. was made in the consideration of the children's best interests and did not constitute an error or an abuse of discretion.

**{¶39}** Appellant's Second Assignment of Error is therefore overruled.

**{¶40}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.

_____

_____

_____

JUDGES

JWW/d 0223

*Hoffman, P.J., concurring*

{¶41} I concur in the majority's analysis and disposition of Appellant's three assignments of error.

{¶42} I write separately only with respect to the third assignment of error wherein the majority notes Appellant was facing an additional theft-related charge at the time of the permanent custody proceedings.  While accurate, I want to clarify I do not believe such pending charge should be considered in determining whether Appellant has been repeatedly incarcerated under R.C. 2151.414(E)(13).

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                    :
                                     :
    J.H.                             :        JUDGMENT ENTRY
                                     :
    J.H.                             :
                                     :
    Dependent/Neglected Children     :        Case No. 10 CA 43


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
                    JUDGES